**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*); |
| REVOLT MEDIA GROUP, LLC, a New York limited liability company; RAP UP, LLC, individually and doing business as "rap-up.com"; and DOES 1-10, | 2. Vicarious and/or Contributory Copyright Infringement; and |
| Defendants. | 3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202) |
| | **JURY TRIAL DEMANDED** |

Plaintiff Lixenberg hereby prays to this honorable court for relief based on the following:

<u>**JURISDICTION AND VENUE**</u>

1.      This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.      The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

<u>**PARTIES**</u>

5.      Plaintiff Dana Ruth Lixenberg ("Lixenberg") is an individual currently residing in the Netherlands.

6.      Upon information and belief, Lixenberg alleges that Defendant Revolt Media Group, LLC ("Revolt Media") is a New York based entity, doing business in and with this judicial district, including through 55 Beechwood Ave Apt 23, New Rochelle, NY 10801, the address registered with the New York Secretary of State.

7.      Upon information and belief, Lixenberg alleges that Defendant Rap Up, LLC d/b/a "rap-up.com" ("Rap Up") is a New York entity doing business in and with this judicial district, including through 2190 Madison Avenue MB, New York, NY 10037, the address registered with the New York Secretary of State.

8.      Defendants Does 1 through 10, inclusive (collectively with Revolt Media and Rap Up, "Defendants"), are other parties not yet identified who have infringed Lixenberg's

copyrights, have contributed to the infringement of Lixenberg's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Lixenberg, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.      Lixenberg is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Lixenberg's rights and the damages to Lixenberg proximately caused thereby.

## CLAIMS RELATED TO LIXENBERG'S PHOTOGRAPHIC WORK

10.     Lixenberg is a renowned and critically acclaimed photographer whose work has been exhibited internationally and has included photography of such cultural icons as Tupac Shakur, Iggy Pop, and Steely Dan, among others. Much of Lixenberg's work has been dedicated to the portrayal of underserved and marginalized communities.

11.     Lixenberg created and owns the original photograph depicting famed musician Notorious B.I.G., also known as "Biggie" ("Subject Photograph").

12.     Lixenberg complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the

Subject Photograph, entitled *Notorious BIG #2*, which Lixenberg has registered with the United States Copyright Office under the registration number VA0001976754 on September 15, 2015.

13.     Prior to the acts complained of herein, Lixenberg widely publicly displayed and disseminated the Subject Photograph, including in its original publication in Vibe Magazine in 1996, and in Lixenberg's highly successful book of photography, "Tupac Biggie," published in 2018.

14.     The Subject Photograph has been routinely published and displayed with attribution information and credit identifying Lixenberg as the author and owner.

15.     Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photograph for financial benefit by, without limitation, reproducing the Subject Photograph an online post and article on the website "www.rap-up.com," which is owned and operated by Rap Up, including in the article entitled "Kareem 'Biggs' Burke Remembers The Notorious B.I.G." (the "Infringing Content"), which incorporates numerous advertisements throughout. True and correct copies and screen captures of Defendants' Infringing Content and corresponding URLs are depicted below attached hereto.

16.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, had access to the Subject Photograph, including through Lixenberg's numerous online profiles and features, publications and press featuring her work, her social media accounts, her numerous physical photography exhibitions, and/or through viewing the Subject Photograph on third-party websites (e.g., Twitter, Instagram, Pinterest, internet search engines, etc.).

17.     Lixenberg has not in any way authorized Defendants to exploit the Subject Photograph.

**COMPLAINT**

18.    On or around May 25, 2022, Lixenberg sent a letter to Rap Up, demanding that it cease and desist all publication and display of the Subject Photographs and the Infringing Content. Rap Up has failed to meaningfully respond, necessitating this action.

19. Below is a comparison of the Subject Photograph with an exemplar of the Infringing Content, which incorporates at least a portion of an unauthorized copy of the Subject Photograph:

| **SUBJECT PHOTOGRAPH** |
| --- |
|  |

///

## INFRINGING CONTENT



**URL: https://www.rap-up.com/article/2018/03/09/kareem-biggs-burke-remembers-notorious-big**

///

///

**COMPLAINT**

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

20.    Lixenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

21.    Upon information and belief, Lixenberg alleges that Defendants, and each of them, accessed the Subject Photograph by, without limitation, through (a) viewing the Subject Photograph in Lixenberg's numerous publications, including in Lixenberg's book "Tupac Biggie" (b) viewing the Subject Photograph online in Lixenberg's numerous online profiles and features, and (c) viewing the Subject Photograph through a third-party, including as they appear on social media platforms and internet search engines. Access is additionally evidenced by the exact reproduction of the Subject Photograph in the Infringing Content.

22.    Upon information and belief, Lixenberg alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph for commercial benefit, including without limitation as depicted in the screen captures attached hereto.

23.    Upon information and belief, Lixenberg alleges that Defendants, and each of them, infringed Lixenberg's copyrights by creating infringing derivative work from the Subject Photograph and publishing same to the public.

24.    Due to Defendants', and each of their, acts of infringement, Lixenberg has suffered general and special damages in an amount to be established at trial.

25.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Lixenberg's rights in the Subject Photograph. As such, Lixenberg is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of Lixenberg's rights in the Subject Photograph in an amount to be established at trial.

26.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

27.     Lixenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28.     Upon information and belief, Lixenberg alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

29.     Lixenberg alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the

posting and sharing of the Infringing Content, and were able to supervise the publication and distribution of the Infringing Content.

30.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Lixenberg has suffered general and special damages in an amount to be established at trial.

31.    Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Lixenberg's rights in the Subject Photographs. As such, Lixenberg is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her in the Subject Photograph, in an amount to be established at trial.

32.    Upon information and belief, Lixenberg alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per work infringed and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

33.    Lixenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

34.    The Subject Photograph was routinely published with attribution information including Lixenberg's name, the title of the works, and the names of the books in which the

Subject Photograph appears, all of which identify Lixenberg as the author and owner of the Subject Photograph and qualify as copyright management information.

35.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, removed Lixenberg's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, attributing it to another artist and/or source, before distributing and publishing same.

36.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited the site reflected above hereto bearing its own name, and removing Lixenberg's attribution information, including, without limitation, her name and the title of the work.

37.     The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

38.     When Defendants published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

39.     When Defendants published the Subject Photograph, they removed Lixenberg's copyright management information from the Subject Photograph knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

40.     As a result of the foregoing, Lixenberg has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Lixenberg prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Lixenberg's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

2. That Lixenberg be awarded all the respective profits of Defendants, and each of them, plus all of their respective losses, plus any other monetary advantage gained by the Defendants, and each of them, through their infringements the Subject Photograph, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Lixenberg's intellectual property rights;

4. That Lixenberg be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

5. That Lixenberg be awarded her costs and fees;

6. That Lixenberg be awarded statutory and enhanced damages;

7. That Lixenberg be awarded pre-judgment interest as allowed by law; and,

8. That Lixenberg be awarded further legal and equitable relief as deemed proper.

## **JURY DEMAND**

Lixenberg demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                        Respectfully submitted,

Dated: May 16, 2025          By:      */s/ Scott Alan Burroughs*
                                        Scott Alan Burroughs, Esq.
                                        David M.S. Jenkins, Esq.
                                        **DONIGER / BURROUGHS**
                                        247 Water Street, First Floor
                                        New York, New York 10038
                                        (310) 590-1820
                                        scott@donigerlawfirm.com
                                        djenkins@donigerlawfirm.com
                                        *Attorneys for Plaintiff*